**In re DINETTES ETC., INC., Debtor.**

**James B. McCRACKEN, Trustee,
Plaintiff,**

**v.**

**Richard GREEN and Galaxy
Furniture, Defendants.**

**Bankruptcy No. 80–01001–BKC–SMW.
Adv. No. 81–0403–BKC–SMW–A.**

United States Bankruptcy Court,
S. D. Florida.

Nov. 30, 1981.

Reggie D. Sanger, Fort Lauderdale, Fla., for Galaxy Furniture.

Alan H. Pinkwesser, North Miami Beach, Fla., for Richard Green.

Raymond Ray, Fort Lauderdale, Fla., for plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on to be heard upon a Complaint alleging two sepa-

rate actions which constituted preferential treatment of creditors filed herein, and the Court, having heard the testimony and examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

In the first action, it is alleged that the debtor corporation, Dinettes Etc., Inc., (hereinafter referred to as the debtor) distributed $2,100.00 to Richard Green for the prepayment of a loan to the debtor corporation. Evidence introduced at trial disclosed that Mr. Green was president, principal stockholder and a director of the debtor. At the time of the alleged disbursement, the debtor consisted of two stores involved in selling dinette sets and similar merchandise. On or about May 1, 1981, Mr. Green, acting in his capacity as officer of the corporation, issued a check from the debtor's corporate account to himself in the amount of $2,100.00 and deposited the same in his own account. This amount was used by Mr. Green approximately two to three weeks later to pay the rent for the Ft. Lauderdale store of the debtor which was overdue.

■ The evidence presented has established to the satisfaction of this court that the debtor was not actually injured by the transaction. It is clear that the debtor's classification of the transaction as a repayment of a loan, while perhaps technically correct, does not accurately describe the effect which was the simple payment of rent in a form acceptable to the landlord. Therefore, the court finds that, as a matter of fact, the $2,100.00 paid to the defendant, was not a preference within the contemplation of Section 547 of the Bankruptcy Code.

■ The second action involved in this case considers the effect of the release or turnover of $14,275.40 in merchandise to a creditor of the debtor within ninety days of the filing of the petition in bankruptcy. The co-defendant, Galaxy Furniture, Inc., (hereinafter referred to as Galaxy) supplied merchandise to the debtor on an open account with normal payment for goods delivered within ninety days. In addition to this agreement, the parties had entered into an oral arrangement whereby Galaxy could pick up and grant full credit to the debtor for goods supplied by Galaxy which has not sold within a certain period of time. The testimony of the Vice President and Sales Manager of Galaxy was that Galaxy has a similar "pick-up" arrangement with approximately forty percent of its customers. Over the course of two and one-half years Galaxy had occasions to pick up merchandise from the debtor approximately eight to ten times in amounts ranging from $480.00 to $1,876.00. On June 2, 1981, Galaxy picked up merchandise amounting to $14,275.40, which constituted over fifty percent of the inventory of the debtor at the time of pick-up. The debtor ceased operation approximately two weeks later and on June 29, 1981, filed a voluntary petition in bankruptcy.

At trial the defendant, Galaxy, attempted to dispute the value of the inventory picked up from the debtor and the fact that it had knowledge of the debtor's insolvent situation. The evidence provided by the trustee at trial clearly showed that Galaxy stopped shipping merchandise to the debtor on April 7, 1981. According to a statement dated May 31, 1981, two-thirds of the outstanding balance owed to Galaxy by the debtor was over ninety (90) days old. Two days later on June 2, 1981, Galaxy sent a truck to the debtor corporation and picked up $14,275.40 in goods. This was the largest amount of merchandise picked up by Galaxy and over seven times the amount picked up on the previous occasion. An objective view of these facts and the actions taken by Galaxy indicate that Galaxy knew of the financial position of the debtor and was moving to protect its position.

On the question of value, Galaxy asked the court to believe that it credited the debtor with $14,275.40 for merchandise worth $3,500.00. The value of the inventory retrieved by Galaxy was determined to be the actual cost to the debtor and retail

value would be closer to twice that amount. In view of the special arrangement which Galaxy has with 40% of its customers it is apparent that Galaxy would not enter into such arrangements if it did not honestly feel that the merchandise could be disposed of for that amount. To conclude otherwise would be to conclude that Galaxy expects to lose money on 40% of its customers.

Having found that $14,275.40 is the proper value of the inventory picked up by Galaxy and that Galaxy was motivated by a desire to protect its position, the court makes the following findings of fact and conclusions of law:

1) The payment by the debtor of $2,100.00 to co-defendant, Richard Green, did not constitute a preference as contemplated by 11 U.S.C. Section 547 in that the money paid was used for the benefit of the debtor in the form of rent on the Ft. Lauderdale store.

2) On June 2, 1981, co-defendant, Galaxy, received $14,275.40 in goods on account of an antecedent debt owed by the debtor to Galaxy.

3) The debtor filed a voluntary petition in bankruptcy on June 29, 1981.

4) The transfer of goods to Galaxy occurred within 90 days of the filing of the petition in bankruptcy.

5) The transfer of goods to Galaxy amounted to over 50% of the inventory of the debtor at the time of transfer.

6) The value of the goods received by Galaxy exceeded 50% of the debt owed to Galaxy by the debtor.

7) The transfer to Galaxy enabled it to receive more that it would have received had the transfer not been made and such creditor had received payment on the debt to the extent provided by the Bankruptcy Code and thus constitutes a preference as contemplated by the Code.

A Final Judgment will be entered in accordance with the above.